HECKER, Appellant,

v.

NORFOLK AND WESTERN RAILWAY COMPANY et al., Appellees.

[Cite as *Hecker v. Norfolk & W. Ry. Co.* (1993), 86 Ohio App.3d 543.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–40.

Decided Feb. 25, 1993.

*Terry D. Van Horn,* for appellant.

*Paul E. Hoeffel,* for appellees.

---

Thomas F. Bryant, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Marion County dismissing the complaint filed by plaintiff-appellant, John D. Hecker, against defendants-appellees, Norfolk & Western Railway Company and W.E. Knight.

On January 12, 1989, appellant filed an action against appellees for personal injuries received in an accident which occurred on January 13, 1987. Appellant voluntarily dismissed that action in accordance with Civ.R. 41(A)(1)(a).[1] Notice of that dismissal was mailed to counsel for appellees on November 8, 1990 and filed with the court on November 13, 1990.

Pursuant to R.C. 2305.19,[2] appellant refiled the action against appellees on November 13, 1991. Appellant's counsel filed instructions with the clerk to "hold without service until further request." On February 24, 1992, the trial court filed a *sua sponte* motion to dismiss the action for want of prosecution. On motion of appellant, for good cause shown, the trial court granted appellant until April 10, 1992, to issue service of summons or otherwise prosecute the action. On April 10, 1992, appellant issued instructions for service of summons by certified mail. Service was subsequently completed and appellees filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B), for failure to state a claim upon which relief could be granted.

The trial court granted appellees' motion to dismiss the complaint, finding that the prior action was dismissed on November 8, 1990, the date of service by mail, and the second action was not "commenced" until April 10, 1992, the date appellant requested issuance of summons from the clerk. Accordingly, the trial

---

1. Although the notice of dismissal is entitled "Stipulation of Dismissal," it clearly is not a stipulation pursuant to Civ.R. 41(A)(1)(b) as it is signed by appellant's counsel only. Despite its title, it is a notice of dismissal pursuant to Civ.R. 41(A)(1)(a).

2. R.C. 2305.19 provides that:

 "In an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." A voluntary dismissal by the plaintiff is clearly a failure "otherwise than upon the merits." See *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 527 N.E.2d 858; *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus; and *McCullough v. The Budd Co.* (July 23, 1992), Wyandot App. No. 16–92–12, unreported, 1992 WL 180096.

court found that appellant did not meet the requirements of the savings statute, R.C. 2305.19.

Appellant asserts one assignment of error on appeal:

"The trial court erred in dismissing the plaintiff's complaint in its order of July 1, 1992."

The issue presented in this appeal is whether Civ.R. 3(A) supersedes the procedural requirements of R.C. 2305.17.

 A plaintiff may voluntarily dismiss an action "by filing a notice of dismissal at any time before the commencement of trial * * *." Civ.R. 41(A)(1)(a). The notice of dismissal in this case was filed on November 13, 1990. The one year period for refiling the action began to run on that date. The trial court erred in finding that the dismissal was effective on November 8, 1990, the date of service.

Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court if service is obtained within one year from such filing upon a named defendant * * *." "Filing" is defined in Civ.R. 5(E) as filing with the clerk of court. The trial court erroneously relied upon R.C. 2305.17, which provides that an action is commenced "by filing a petition in the office of the clerk * * * together with a praecipe demanding that summons issue * * *."

Section 5(B), Article IV, Ohio Constitution provides, in part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

R.C. 2305.17 was in existence before the Civil Rules became effective. The Civil Rules do not require that a praecipe for summons be filed with the complaint, but rather, Civ.R. 3(A) provides that an action is commenced by filing a complaint and obtaining service within one year from the date of filing. Civ.R. 4(A) provides that, absent instructions from the plaintiff, the clerk must issue a summons for service upon the filing of a complaint. To the extent R.C. 2305.17 requires a praecipe for summons, it is superseded by Civ.R. 3(A).

Appellant met the requirements of Civ.R. 3(A) and R.C. 2305.19 by filing his complaint within one year of the date of his prior dismissal and obtaining service within one year of the date of filing the complaint in the new action. The trial court erred in dismissing the complaint.

Appellant's assignment of error is sustained.

The judgment of the Court of Common Pleas of Marion County is reversed and this cause is remanded to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

Evans, P.J., and Shaw, J., concur.