WINTERS, Appellant,

v.

HUBBARD et al., Appellees.

[Cite as *Winters v. Hubbard* (1995), 104 Ohio App.3d 420.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67943.

Decided June 12, 1995.

*Paul Mancino, Jr.*, for appellant.

*Quandt, Giffels & Buck Co.* and *Enest C. Pisanelli*, for appellees.

*Per Curiam.*

This case is almost seventeen years old. The longevity of this case is matched only by the paucity of the record and briefs. The action taken by the trial court in disposing of this case was in error. For the reasons that follow, we reverse.

On October 26, 1978, plaintiff-appellant, Elmer Winters, allegedly was involved in a motor vehicle accident with a truck driven by defendant-appellee James Hubbard and owned by defendant-appellee Welded Tubes Inc. Plaintiff filed a lawsuit as a result of this incident, captioned *Al Winters v. James C. Hubbard,* Cuyahoga Cty. C.P. No. 997,314. The record is silent as to when this initial lawsuit was filed. However, in a journal entry filed on September 18, 1981, the parties stipulated that the case was dismissed "without prejudice with the express right to refile within one (1) year * * *."

On September 17, 1982 plaintiff did, in fact, refile his case within one year. This recommenced case was assigned to Judge Thomas O. Matia under case No. 048701. A review of the docket and the record reveals that on October 20, 1983, plaintiff moved to stay proceedings because he was incarcerated at the Southern Ohio Correctional Facility and could not properly proceed with the suit. This motion was granted by the trial court on October 21, 1983. Plaintiff's attorney then filed a motion to withdraw as counsel, which motion the trial court granted on November 9, 1983. The next entry on the docket is the judgment entry filed on November 15, 1984, which states:

"The execution of this case is stayed pending the availability of the plaintiff who is presently confined in Lucasville Prison."

In the decade that elapsed from the first filing, the only other action taken with regard to this case was the substitution of counsel for the defendants. In addition to the attorneys for both sides changing, the trial judge retired and another judge was assigned to the case.

· On January 28, 1994, plaintiff filed a "Motion to set for Pretrial and to Activate the case." Defendants filed a brief in opposition arguing that "case No. 048701 was disposed of without prejudice on November 15, 1984 on order of the court." Further, defendants contended that the statute of limitations had not been tolled and that plaintiff had failed to refile his complaint within any applicable statute of limitations.

The trial court disposed of the case through a judgment entry filed August 24, 1994, stating:

"Motion to activate the case is denied, as R.C. 2305.19 only tolls the statute of limitations while a defendant, not a plaintiff, is incarcerated."

Thereafter, plaintiff filed a timely notice of appeal raising one assignment of error:

"The court committed prejudicial error in refusing to vacate the stay and activate the case."

█ This action was properly commenced and should not have been dismissed by the trial court. Defendants argue that this case was not filed within the statute of limitations. This argument was accepted by the trial court in dismissing the case on statute of limitations grounds. This argument is clearly erroneous. Whether this case was filed within the statute of limitations is a question that can be directed only to case No. 997,314.[1] It has no relevance to the case at hand because the latter must be deemed a recommencement of the earlier one.

█ Pursuant to Civ.R. 3(A), all that is required for commencement of an action is the filing of a complaint with the court and the acquisition of jurisdiction over the person of the defendant within one year thereafter. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 157, 11 OBR 471, 473, 464 N.E.2d 538, 541. The same rule applies to a recommencement. *Hecker v. Norfolk & W. Ry. Co.* (1993), 86 Ohio App.3d 543, 621 N.E.2d 601. No one disputes that the first action was commenced. Plaintiff filed his complaint in the second case on September 17, 1982, and served the defendants on September 23, 1982. The defendants then answered on November 9, 1982. Plaintiff has properly recommenced this action.

On November 15, 1984, the trial court stayed the action pending the availability of the plaintiff, who was in jail. In plaintiff's 1994 motion to activate the case, the court was notified that plaintiff was released from jail and no longer unavailable. Now that plaintiff is available, the stay should be lifted and the case should proceed. This assignment of error is well taken.

*Judgment reversed*
*and cause remanded.*

PATTON, C.J., NUGENT and KARPINSKI, JJ., concur.

---

1. No one appears to be arguing that the voluntary dismissal occurred prior to the running of the statute limitations and that reliance on the savings statute is precluded. See *Malatesta v. Sharon Twp. Trustees* (1993), 87 Ohio App.3d 719, 622 N.E.2d 1163.