**FETTEROLF, Grdn., Appellant,**

**v.**

**HOFFMANN–LaROCHE, INC. et al., Appellees.**

[Cite as *Fetterolf v. Hoffmann–LaRoche, Inc.* (1995), 104 Ohio App.3d 272.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5058.

Decided July 3, 1995.

274

*Scanlon Henretta Co., L.P.A., Lawrence J. Scanlon* and *Ann Marie O'Brien,* for appellant.

*Anthony P. Dapore; Pamela Pantages* and *Douglas G. Leak,* for appellees Steven Helms, M.D.; Warren Dermatology & Allergy Management Corporation; Jane Doe, R.N.; Denise Thompson; and Pauline Poe.

*Phillip J. Campanella* and *Paul Mancino,* for appellees Hoffmann–LaRoche, Inc. and LaRoche Laboratories.

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Gary Fetterolf, individually and as guardian of the estate and person of Steven Fetterolf, a minor, appeals from the judgment of the Trumbull County Court of Common Pleas which granted two motions to strike appellant's complaint.

On May 15, 1992, appellant filed a complaint in the Trumbull County Court of Common Pleas alleging negligent products liability, medical malpractice, nursing negligence, and loss of consortium against the following: defendant-appellee Hoffmann–LaRoche, Inc. ("Hoffmann–LaRoche"), manufacturer of the drug Accutane; defendant-appellee LaRoche Laboratories ("LaRoche Lab"), a division of Hoffmann–LaRoche; defendant-appellee Steven Helms, M.D., the physician who prescribed Accutane to JoAnne Fetterolf; defendant-appellee Warren Dermatology & Allergy Management Corporation ("Warren Dermatology"), Helms's professional medical corporation; defendants-appellees Jane Doe, R.N., Denise Thompson, and Pauline Poe, nurses and/or medical technicians employed by Warren Dermatology. The complaint alleged that appellee Helms negligently prescribed Accutane to JoAnne Fetterolf for treatment of her acne while she was pregnant, and that appellant's son, Steven Fetterolf ("Steven"), born May 16, 1988, suffered serious personal injuries and birth defects as a direct and proximate result. The complaint further alleged that appellees Hoffmann–LaRoche and LaRoche Lab

negligently provided inadequate warnings and instructions regarding the risks involved in the use of Accutane during pregnancy; that appellees Doe, Thompson, and/or Poe negligently administered a urine pregnancy test to JoAnne Fetterolf; and that appellee Warren Dermatology negligently failed to train its employees in the correct administration of a urine pregnancy test and failed to require a serum pregnancy test before Accutane was prescribed.

On May 15, 1992, the trial court, upon request of appellant, issued an order instructing the Clerk of Courts to issue summons for appellant's complaint to John P. Najeway to make personal service upon the named defendants. However, for reasons unknown to this court, service of process was neither attempted nor perfected.

On May 13, 1993, two days prior to the one-year limitation for commencement of an action set forth in Civ.R. 3(A), appellant filed a motion to enlarge the time for service of process pursuant to Civ.R. 6(B). In support of appellant's motion, he claimed that he had originally filed an action on April 20, 1990, in the United States District Court for the Northern District of Ohio, against appellee Hoffmann–LaRoche, which then filed a third-party action against JoAnne Fetterolf, Steven's mother. Appellant further claimed that he amended his complaint on March 27, 1992, to include appellees Helms and Warren Dermatology as defendants, which destroyed diversity jurisdiction and resulted in the dismissal of his complaint without prejudice. Thereafter, appellant filed a complaint in the Trumbull County Court of Common Pleas. However, Steven died on November 12, 1992, appellant was appointed administrator of Steven's estate on March 12, 1993, and the inventory and appraisal were filed on April 2, 1993.

On May 14, 1993, the court granted appellant's motion and ordered an extension of ninety days to complete service of process. On the same date, appellant filed an amended complaint as the administrator of Steven's estate asserting the same claims on behalf of Steven's estate and an additional wrongful death claim on behalf of the beneficiaries of Steven's estate. Appellant also filed a written request for service of process with the amended complaint.

Service of process was perfected upon appellees Helms, Warren Dermatology, Doe, Thompson, and Poe on June 2, 1993; appellee LaRoche Lab on June 4, 1993; and appellee Hoffmann–LaRoche on June 7, 1993. Appellees Hoffmann–LaRoche and LaRoche Lab filed a motion to strike the complaint on July 30, 1993, claiming that appellant had failed to obtain service of process over them within the one-year limitation for commencement of an action as required by Civ.R. 3(A). Appellees Helms and Warren Dermatology filed a similar motion to strike on September 27, 1993.

In a judgment entry dated March 24, 1994, the trial court granted appellees' motions to strike appellant's complaint and stated in part that:

"[I]t previously lacked the authority to extend the time for completion of service pursuant to Civil Rule 6(B) and that the failure of [appellant] to obtain service upon the [appellees] within one year from the filing of the original complaint is jurisdictional and now renders [appellant's] action a nullity, which requires the granting of [appellees'] motions to strike [appellant's] complaint."

Appellant filed a timely notice of appeal. In a judgment entry filed March 27, 1995, this court reversed the trial court's judgment granting appellees' motion to strike the complaint as to the wrongful death claim.

On April 5, 1995, appellants filed a motion for reconsideration, arguing that the application of *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801, that led to the remand of the wrongful death claim, should have been extended to the survival claims.

On May 19, 1995, this court granted appellant's motion for reconsideration, and vacated its previous opinion and judgment dated March 27, 1995.

Appellant now presents the following assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant in striking his complaint."

 Under this sole assignment of error, appellant raises three arguments. First, appellant argues that Civ.R. 6(B) expressly allows a trial court to extend any time limit that is prescribed under the rules, except the time under Civ.R. 50(B), 59(B), 59(D), and 60(B). Since Civ.R. 6(B) does not expressly preclude extension of the one-year time limit for service of process set forth in Civ.R. 3(A), the trial court had jurisdiction when it granted his motion to extend the time for service. We disagree.

In *Green v. Price* (July 10, 1992), Ashtabula App. No. 91–A–1650, unreported, 1992 WL 191953, a majority of this court stated that:

" 'It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired by * * * service of process upon the defendant * * *.' *Maryhew v. Yova* (1984), 11 Ohio St.3d 154 [11 OBR 471, 464 N.E.2d 538].

"Civ.R. 3(A) governs service of process and provides that '[a] civil action is commenced by filing a complaint with the court, if service is obtained *within one year from such filing.*'

"In *Lash v. Miller* (1977), 50 Ohio St.2d 63 [4 O.O.3d 155, 362 N.E.2d 642], the court construed Civ.R. 3(A) and determined that an action is not timely commenced when there has been no effective service within the time limit prescribed by Civ.R. 3(A). *Id.,* citing *Mason v. Waters* (1966), 6 Ohio St.2d 212 [35 O.O.2d 337, 217 N.E.2d 213].

"Further, as stated by the court in *Saunders v. Choi* (1984), 12 Ohio St.3d 247, 250 [12 OBR 327, 330, 466 N.E.2d 889, 892], '[u]nder Civ.R. 3(A), an action is not *deemed to be "commenced"* unless service of process is obtained *within one year from the date of filing.*'" (Emphasis added.)

Thus, we concluded in *Green* that an action was not timely "commenced" under the Civil Rules if service of process was not obtained within one year after the complaint was filed.

In *Green,* this court also stated that:

"Although appellees argue under Civ.R. 6(B) that the trial court may enlarge the time in which a party may be served, this argument is contrary to *Lash, supra; Saunders, supra.*

"Even though the precise issue of Civ.R. 6(B) is not addressed, the analysis in *Saunders, supra,* is applicable. In *Saunders, supra,* despite the tolling of the statue of limitations, the year in which a defendant had to be served was not extended. * * *

"Moreover, mandatory/exclusive statutory provisions prevail over permissive/general rule provisions. See *Akron v. Gay* (1976), 47 Ohio St.2d 164 [1 O.O.3d 96, 351 N.E.2d 475]; 1 Klein, Browne & Murtaugh, Ohio Civil Rules (1988), 254–255, Section T9.05(D). In addition, the very purpose of Civ.R. 3(A), to speed up the dockets of courts, would be thwarted by such an extension. *Saunders, supra* [12 Ohio St.3d], at 250 [12 OBR at 330, 466 N.E.2d at 892]; *Klein, supra.*" *Id.* at 3–5.

We agree with this reasoning and hold that no extension can be granted after the one-year limitations period for commencement of an action as required by Civ.R. 3(A) has run.

 Next, appellant argues that the trial court's reliance on the one-year limitations period in R.C. 2305.17 is erroneous because at least two courts have held that R.C. 2305.17 has been superseded. Appellant cites *Hecker v. Norfolk & W. Ry. Co.* (1993), 86 Ohio App.3d 543, 621 N.E.2d 601, and *Strawn v. Saltzwedel* (Sept. 21, 1993), Franklin App. No. 93AP–471, unreported, 1993 WL 381217.

R.C. 2305.17 provides:

"An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, *if service is obtained within one year.*" (Emphasis added.)

In *Strawn,* the Tenth District Court of Appeals was attempting to factually distinguish the case before it from its previous holdings in *Davis v. Fox* (Dec. 6, 1990), Franklin App. No. 89AP–1402, unreported, 1990 WL 198000, and stated

without explanation that "Davis did involve application of R.C. 2305.19 and Civ.R. 3(A), but relied upon a statutory definition of R.C. 2305.17, which not only has been repealed, but has been superseded by the civil rules." *Id.*

In *Hecker,* the Third District Court of Appeals held that R.C. 2305.17 was superseded by Civ.R. 3(A), but only to the extent that R.C. 2305.17 requires a praecipe for summons. The court reasoned that the praecipe-for-summons requirement conflicted with the requirements under the Civil Rules, since Civ.R. 3(A) does not require a praecipe for summons to be filed with the complaint, and Civ.R. 4(A) requires the clerk, absent instructions from plaintiff, to issue a summons for service upon the filing of a complaint. *Id.,* 86 Ohio App.3d at 545, 621 N.E.2d at 603. The court's holding, however, did not invalidate the time requirements of R.C. 2305.17 for obtaining service of process. Service of process must still be obtained within one year of filing the complaint if the action is to be timely "commenced."

In the instant case, it is clear that service of process of appellant's original complaint was not perfected upon appellees within the one-year limitations period. Appellant filed his original complaint on May 15, 1992, but never obtained service of process on his original complaint and did not obtain service of process on his amended complaint until June 1993. Consequently, appellant's action was not timely "commenced" under either Civ.R. 3(A) or R.C. 2305.17.

■ Even if we were to find that Civ.R. 6(B) was applicable to extend the one-year limitations period, appellant has failed to show cause why service of process had not been perfected within the one-year period. Appellant claimed in his motion for an extension of time that he originally filed the action in federal court where it was later dismissed for lack of diversity jurisdiction. Appellant also claimed that after he filed the instant action, Steven died and that an estate was established in Steven's name.

However, appellant's claims do not explain why service of process had not been attempted or perfected after the original complaint was filed. With the exception of the fictitious name of Jane Doe, R.N., and the unknown addresses of Thompson and Poe, the complaint clearly listed appellees' names and addresses. Appellant had ample opportunity to serve appellees to commence the instant action and later correct the fictitious name pursuant to Civ.R. 15(D) and discover the unknown addresses.

Thus, we are in agreement with the trial court's subsequent determination that the granting of a Civ.R. 6(B) extension was incorrect given the record before it.

■ Finally, appellant argues that his instruction to the clerk to attempt service on the amended complaint was equivalent to a refiling of his complaint and, thus, provided an additional year within which to obtain service and

commence an action under Civ.R. 3(A). For support, appellant cites *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801.

In *Goolsby,* the plaintiff filed her first complaint on February 6, 1986, less than seven months after the accident which caused her alleged injuries, but instructed the clerk not to attempt service of the summons and complaint. On July 17, 1987, two days prior to the conclusion of the statutory period for bringing the action, plaintiff instructed the clerk to effect service, and service was obtained six days later. Thereafter, plaintiff voluntarily dismissed the case and later refiled her complaint pursuant to the saving statute, R.C. 2305.19. On the defendants' motion, the trial court dismissed the plaintiff's second action on the ground that the original complaint had not been "commenced" pursuant to Civ.R. 3(A), that the filing was a "nullity," and that the saving statute was inapplicable. The Supreme Court of Ohio disagreed and held that under the circumstances, the plaintiff's instruction to the clerk was the equivalent of a refiling of her complaint. The court opined that the Civil Rules should not be applied to require her to refile a complaint identical to one already filed when the plaintiff could have dismissed her complaint and refiled her cause of action within the statute of limitations.

Here, appellant instructed the clerk on May 14, 1993 to effect service on his amended complaint. Although the amended complaint was not identical to the original, we believe that an application of *Goolsby* would comport with the spirit of the Civil Rules.

Under *Goolsby,* appellant's instruction to the clerk was equivalent to a refiling of appellant's complaint, which gave him an additional year to obtain service on appellees, or until May 14, 1994. Since service was obtained in June 1993, service of process was obtained within the one-year limitations period.

However, as appellees correctly point out, this "refiling" date of May 14, 1993, effectively moved appellant's claim for loss of consortium arising from Steven's injuries before his death outside the applicable statutory period.

R.C. 2305.11, as amended on October 20, 1987, subjects derivative claims arising out of medical claims to a one-year limitations period rather than the four-year limitations period prescribed by R.C. 2305.09. *Shadler v. Purdy* (1989), 64 Ohio App.3d 98, 104, 580 N.E.2d 822, 826–827. A parent's derivative action for loss of consortium is separate and distinct from the minor child's action for his personal injuries and, thus, the child's minority does not toll the applicable statute of limitations. *Seguin v. Gallo* (1985), 21 Ohio App.3d 163, 164–165, 21 OBR 174, 174–175, 486 N.E.2d 1270, 1271–1272.

Assuming that Steven's birth on May 16, 1988, was the "cognizable event" which gave rise to appellant's claim, the limitations period would have ended on

May 16, 1989. Since the "refiling" date was May 14, 1993, appellant's complaint as to this loss of consortium claim was untimely. Consequently, *Goolsby* is distinguishable because appellant could not have dismissed his loss of consortium claim in the original complaint and refiled the same claim in his amended complaint prior to the expiration of the statutory period.

However, the "refiling" date of May 14, 1993, did not move the wrongful death claim or the survival claims outside the applicable statutory period. "An action for wrongful death shall be commenced within two years after the decedent's death." R.C. 2125.02(D). Since Steven died on November 12, 1992, the limitations period for bringing this action expired on November 12, 1994. Appellant's "refiling" of his complaint on May 14, 1993 was prior to the expiration of the statutory period and, thus, under *Goolsby,* appellant's wrongful death action had commenced.

Similarly, Steven's survival claims for negligent products liability, medical malpractice, and nursing negligence had commenced under *Goolsby.* R.C. 2305.10 provides that "[a]n action for bodily injury * * * shall be brought within two years after the cause thereof arose." R.C. 2305.11(B) provides that:

"(1) * * * an action upon a medical * * * claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

"(2) Except as to persons within the age of minority * * * as provided by section 2305.16 of the Revised Code:

"(a) In no event shall any action upon a medical * * * claim be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim."

R.C. 2305.16 further provides in part that "if a person entitled to bring any action * * * is, at the time the cause of action accrues, within the age of minority, * * * the person may bring it * * * after the disability is removed." The disability of a minor, however, terminates at his death, and the statute of limitations begins to run. *Swope v. Cappas & Karas Trucking Co.* (June 10, 1982), Cuyahoga App. No. 44216, unreported, 1982 WL 2411.

Here, the cause of action accrued on May 16, 1988 when Steven was born. However, the applicable statutory periods were tolled by Steven's minority. When Steven died on November 13, 1992, he was still a minor, but the disability terminated and the statutory period began to run. An application of the shortest

applicable statutory period of one year from the date of his death would result in a limitations period ending on November 13, 1993. Since the "refiling" date of May 14, 1993 occurred prior to the expiration of this period, appellant's survival claims for negligent products liability, medical malpractice, and nursing negligence had commenced.

Additionally, appellant was not required to seek leave of court or written consent from the adverse party to amend his complaint, since no responsive pleading had been filed prior to the amendment. Civ.R. 15(A).

Based upon the foregoing, appellant's assignment of error is well taken as to the wrongful death claim and to the survival claims brought on behalf of Steven's estate, and overruled as to appellant's loss of consortium claim. Accordingly, the trial court's judgment is reversed in part and affirmed in part, and the matter is remanded for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

CHRISTLEY, P.J., and NADER, J., concur.