OPINION
In this accelerated calendar appeal submitted to this court on the briefs of both parties, appellant, Rusten Marsh, appeals from a judgment of the Portage County Court of Common Pleas which dismissed appellant's complaint for failure to obtain proper service of process against appellee, Victor V. Vigluicci. For the reasons that follow, we affirm the judgment of the trial court.
On March 28, 1995, appellant filed a complaint alleging wrongful imprisonment against the State of Ohio with service of summons directed to the Ohio Attorney General's Office. It is apparent from a review of the record that appellant has had difficulty determining where to file his complaint[1] and against whom to serve it.[2] The present appeal concerns how appellant attempted to obtain service on the proper party defendant.
By judgment entry filed July 13, 1995, the trial court informed appellant that his current complaint would be dismissed with prejudice unless an appropriate party was named. On July 26, 1995, appellant filed an amended complaint naming, appellee, Victor V. Vigluicci, Portage County Prosecutor, as defendant. However, contrary to Civ.R. 10(A), no address appeared in the caption of the amended complaint. In addition, there is no evidence suggesting that appellant, at any time, instructed the clerk to issue a summons for service upon appellee. Rather, appellant's amended complaint contained a certificate of service indicating service upon appellee by ordinary U.S. mail at the address of the Portage County Courthouse (203 West Main Street, Ravenna, Ohio), instead of the address of the Prosecutor's Office (466 South Chestnut Street, Ravenna, Ohio).
No further action was taken in this matter until January 16, 1997, when the trial court issued an order indicating that the action would be dismissed on January 30, 1997, unless the court received notification of activity. Appellant responded on January 21, 1997 requesting a pretrial. Thereafter, appellee moved for the dismissal of appellant's cause of action because of appellant's failure to obtain service within one year from the filing of the complaint as required by Civ.R. 3(A). Appellant, although acknowledging that he inadvertently attached an inappropriate certificate of service to his amended complaint, argued that the clerk's office was required to serve appellee pursuant to Civ.R. 4(A) and to notify him upon failure of service pursuant to Civ.R. 4.1. Additionally, appellant alleged that he called appellee numerous times to inquire as to the status of the case and, with no response received from appellee as to his complaint, requested that the court grant him a default judgment pursuant to Civ.R. 55(A).
By judgment entry filed July 2, 1997, the trial court denied appellant's motion for default judgment and granted appellee's motion to dismiss. In granting appellee's motion to dismiss, the trial court noted appellant's failure to satisfy the service of process requirements as set forth in Civ.R. 3(A) and 4. Additionally, the trial court held that the responsibility for service rests with the attorney of record or the serving party, pursuant to Civ.R. 4.6(E), and not the clerk. From this judgment, appellant filed a timely notice of appeal and, in his sole assignment of error, asserts that the trial court erred in granting appellee's motion for dismissal because service of process was reasonably calculated to notify appellee that an action had been filed against him.
Due process requires that service of process be accomplished in a manner reasonably calculated to apprise interested persons of an action's pendency and to afford them an opportunity to appear.In re Foreclosure of Liens (1980), 62 Ohio St.2d 333, paragraph one of the syllabus. In Ohio, service of process must also satisfy the requirements of Civ.R. 4 et seq. United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115, 123. With the exception of service of publication, Civ.R. 4.1 provides all of the available methods of service within the State of Ohio, including service by certified mail. While Civ.R. 4.6(D) permits service by ordinary mail after service by certified mail has been returned unclaimed, there is no provision in Civ.R. 4.1 that provides for the initial attempt of service through ordinary mail.
In the present case, appellee was not served with process in accordance with Civ.R. 4.1. Despite this procedural defect, appellant argues that "the object of actual notice was accomplished" as appellee was aware that an action was pending against him. However, it is appellant's burden to ensure proper service of process and appellee's actual notice of the filing of a cause of action against him does not dispense with the necessity of service. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157; Bellv. Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193,203. As this court noted in Green v. Price (July 10, 1992), Ashtabula App. No. 91-A-1650, unreported, at 3-4:
 "`It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired * * * by service of process upon the defendant * * *.' Maryhew, [supra, at 156].
 "Civ.R. 3(A) governs service of process and provides that `[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing.'
 "In Lash v. Miller (1977), 50 Ohio St.2d 63, the court construed Civ.R. 3(A) and determined that an action is not timely commenced when there has been no effective service within the time limit prescribed by Civ.R. 3(A). Id., citing Mason v. Waters (1966), 6 Ohio St.2d 212.
 "Further, as stated by the court in Saunders v. Choi
(1984), 12 Ohio St.3d 247, 250, `[u]nder Civ.R. 3(A), an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of filing.'" (Emphasis sic.) Id at 3-4; See, also, Fetterolf v. Hoffmann-LaRouche, Inc. (1995), 104 Ohio App.3d 272, 276-277.
Finally, appellant cites to a number of cases regarding the courts' general unwillingness to tolerate a defendant's willful avoidance of service. See, e.g., Denovchek v. Bd. of TrumbullCty. Commrs. (1988), 36 Ohio St.3d 14; Redfoot v. Mikouis (Nov. 29, 1996), Trumbull App. No. 96-T-5398, unreported. The cases appellant directs this court's attention to, however, are not germane to the present case. Appellant cannot seriously contend that appellee is being "rewarded for willful avoidance of service and unethical tactics" when appellant, himself, failed to properly commence the action as set forth in the Ohio Rules of Civil Procedure.
As appellant failed to satisfy the service requirements of Civ.R. 3 and 4.1, and appellee did not otherwise appear or affirmatively waive service, the trial court did not err in granting appellee's motion to dismiss appellant's complaint. Accordingly, appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and NADER, J., concur.
[1] Appellant filed an earlier complaint with the Court of Claims of Ohio which was dismissed on December 13, 1993. R.C. 2743.48(A)(5) provides for an initial proceeding in the Court of Common Pleas to determine whether a plaintiff was, in fact, wrongfully imprisoned before a claim may be filed in the Court of Claims of Ohio.
[2] On June 29, 1994, appellant filed a complaint in the Portage County Court of Common Pleas alleging wrongful imprisonment against the State of Ohio. In a judgment entry filed September 15, 1994, the trial court determined that appellant's action must be served on the prosecuting attorney whose office tried and obtained the alleged wrongful conviction. While the court recognized that the State of Ohio had an interest in the court's determination under R.C. 2743.48(A)(5), the court held that the State of Ohio was not an appropriate party at this stage of the proceedings and would only become a party upon a determination that appellant was, in fact, wrongfully imprisoned and a subsequent action filed with the Court of Claims of Ohio.