JOURNAL ENTRY AND OPINION
Laverne and Louis Noetzel appeal from a judgment of the common pleas court denying their motion for substitution of parties without first conducting a hearing. They also appeal from a subsequent order of the court dismissing their personal injury action against Thomas Hudson for failure to obtain service within one year of re-filing their complaint. On appeal, they maintain that the trial court should have conducted a hearing on their first motion for substitution so they could gather the information needed to open an estate for Hudson and obtain timely service on it; they also contend that the court should have extended the one-year limitations period for obtaining service because the defense did not cooperate with them in establishing the estate and obtaining service. After careful review of the applicable civil rules, and in particular Civ.R. 3(A), which states that a civil action is commenced by filing a complaint only if service is obtained within one year from such filing, we have concluded that the court properly dismissed the underlying complaint.
The record before us reveals that, on October 18, 1995, Thomas Hudson struck Laverne Noetzel as she jaywalked across Highland Road in Richmond Heights, Ohio. As a result of this motor vehicle/pedestrian accident, Noetzel sustained serious injuries requiring multiple surgeries, and she and her husband filed a complaint in common pleas court against Hudson; however, on January 9, 1998, they voluntarily dismissed that case. Shortly thereafter, Thomas Hudson died intestate. Without knowledge of his death, Noetzels re-filed their complaint against him on January 8, 1999.
On March 22, 1999, however, Hudson's defense counsel filed an answer to the re-filed complaint and a suggestion of death. Nearly three months later, on June 10, 1999, Noetzels filed a motion to substitute Hudson's estate as the proper party, but the court denied this motion on July 8, 1999, because no probate estate had been established for Hudson.
More than nine months later, on April 11, 2000, counsel for Noetzels opened Hudson's estate naming Kevin J. Skrzysowski, another attorney in their firm, as the administrator of his estate, and on October 27, 2000, Noetzels filed a motion to substitute Skrzysowski for Hudson as the proper party defendant. In response, defense counsel filed a motion to dismiss the case for failure to commence the action because service on the estate had not been obtained within the one-year limitation contained in Civ.R. 3(A). On December 14, 2000, the court granted this motion and dismissed the case.
Noetzels now appeal, and raise two assignments of error which we will consider together because they contain common issues of law and fact. They state:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS WHEN IT SUMMARILY DENIED THEIR TIMELY RULE 25 MOTION FOR SUBSTITUTION, THEREBY PREVENTING THEM FROM OBTAINING THE NECESSARY INFORMATION TO NAME A PROPER PARTY- DEFENDANT.
 II. THE TRIAL COURT ERRED WHEN IT ORDERED THE DISMISSAL OF THE APPELLANTS' COMPLAINT FOR FAILING TO TIMELY SUBSTITUTE A PROPER PARTY- DEFENDANT WHERE PLAINTIFFS FILED TWO DE FACTO RULE 6(B) MOTIONS ESTABLISHING A BASIS FOR EXCUSABLE NEGLECT.
Noetzels argue that the court should have allowed them to amend their complaint to substitute the administrator of Hudson's estate for him, and that the court should have extended the one- year period for obtaining service because the defense did not cooperate in opening an estate. The defense contends that it had no duty to assist Noetzels in prosecuting their case.
The issues presented here for resolution are whether the trial court properly denied the motion to substitute without conducting a hearing, and whether it properly dismissed the case.
Civ.R. 3(A) states:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D). (Emphasis added.)
A careful analysis of the pleadings filed in the trial court reveals that Noetzels failed to commence any action at all because they never obtained service on a proper party defendant within the one-year limitation defined in Civ.R. 3(A).
In Baker v. McKnight (1983), 4 Ohio St.3d 125, the court stated in its syllabus:
 Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A). * * * (Emphasis added.)
In this case, the facts reveal that Noetzels failed to obtain service on the administrator of Hudson's estate within one year of the re-filing of their complaint. However, they urge that the general rule set forth in the Baker case should not apply here for two reasons: first, because defense counsel did not cooperate with them; and second, because Baker does not discuss Civ.R. 25(A)(1) or Civ.R. 6(B).
Noetzels first maintain that they are entitled to the limited exception to Baker set forth in Patterson v. V M Auto Body (1992),63 Ohio St.3d 573, 576, wherein the court stated:
 * * * The only exception to this rule has been when the defendant uses the mistake in an attempt to deceive the other parties and the court. * * *
The record here, however, does not support that defense counsel deceived them or concealed any information concerning Hudson's death. Noetzels re-filed their complaint on January 8, 1999; the defense filed a suggestion of Hudson's death on March 22, 1999, providing them with time to amend their complaint; in addition, on July 8, 1999, the court dismissed their first motion for substitution because a probate estate had not been established, which provided them with six months to establish an estate and to name the administrator as a proper party defendant.
We do not read Patterson, supra, as establishing an affirmative duty on the part of defense counsel to cooperate with opposing counsel in establishing an estate or to volunteer information outside the discovery process. Rather, Patterson merely prohibits opposing counsel from deceiving the other party or from concealing the fact that the suit had been brought against an improper party. Id., at 376-377. Such is not the case here — the defense provided notice of Hudson's death and later advised that no estate had been established. At that point, it became Noetzels' duty to open up the estate and obtain service within the one-year requirement of Civ.R. 3(A) as delineated in Baker, supra.
Noetzels further contend that Baker does not apply because it does not mention either Civ.R. 25(A)(1) or Civ.R. 6(B). Civ.R. 25(A)(1) only allows for the substitution, If a party dies * * *. (Emphasis added.) Here, Hudson died before the Noetzels re-filed their complaint; therefore, he could not have been a proper party defendant. Thus, Civ.R. 25(A)(1) does not apply to this case. Rather, Noetzels should have brought in the administrator of the estate through the Civ.R. 15 amendment procedures as set forth in Baker.
Likewise, we are not persuaded by Noetzels' argument that Civ.R. 25(A)(1) required the court to conduct a hearing on their first substitution motion to facilitate their search for the information needed to open an estate and properly substitute parties in this case. Civ.R. 25(A)(1) does not mandate a hearing, and does not obligate the court or defense counsel to aid in this process.
Civ.R. 25(A)(1), which merely provides for notice of hearing, states:
 If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party. (Emphasis added.)
In this case, the court properly denied the first motion for substitution without conducting a hearing because no estate had been established for Hudson. The court could not substitute a non- existent estate as a proper party, and it needed no additional information to make this decision.
Noetzels also argue, pursuant to Civ.R. 6(B), that the court could have extended the one-year limitation period described in Civ.R. 3(A). Civ.R. 6(B) provides:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them. (Emphasis added.)
This rule allows the court, for cause shown, to order a time period prescribed in the civil rules enlarged; Civ.R. 6(B) specifically excludes from its provisions the time periods set forth in Civ.R. 50(B), 59(B), 59(D), and 60(B). Noetzels urge that, because Civ.R. 6(B) does not expressly exclude the time period in Civ.R. 3(A), the court should have exercised its discretion to extend that one-year limitation period. The Eleventh Appellate District rejected this argument in Fetterolf v. Hoffman-LaRouche, Inc. (1995), 104 Ohio App.3d 272, and other appellate courts have consistently declined to apply Civ.R. 6(B) to the mandatory one-year service requirement in Civ.R. 3(A). See, e.g., Weathers v. Carter (Apr. 20, 2001), Montgomery App. No. 18598, unreported; Green v. Price (July 10, 1992), Ashtabula App. No. 91-A-1650, unreported.
As the court stated in Weathers:
* * *
 In any event, the court was without authority to extend the one year period which Civ.R. 3(A) prescribes, either by its own terms or pursuant to Civ.R. 6(B).
 Fetterolf v. Hoffman-LaRouche, Inc. (1995), 104 Ohio App.3d 272, 661 N.E.2d 811. Neither is such an extension created or allowed by the "relation back" provisions of Civ.R. 15(C), which Weathers attempted to use for that purpose. Enterprise Group Planning, Inc. v. State Farm Ins. Cos., 1999 Ohio App. LEXIS 4970 (Oct. 22, 1999), Trumbull App. No. 98-T-0077, unreported.
Civ.R. 3(A) specifies that a civil action is commenced only if service is obtained within one year from the filing of the complaint. However, if service is not obtained within one year, no civil action has been commenced, and therefore the court has no jurisdiction to exercise discretion under Civ.R. 6(B). We have determined, therefore, that no extension can be granted pursuant to Civ.R. 6(B) after expiration of the one-year period for obtaining service under Civ.R. 3(A).
For these reasons, we have concluded that the trial court properly denied Noetzels' first motion for substitution of parties and properly dismissed their complaint for failure to obtain service within one year of re-filing their complaint. Accordingly, these assignments of error are overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. CONCURS; KENNETH A. ROCCO, P.J. CONCURS. (See Concurring Opinion Attached.)