LaNEVE et al., Appellants,

v.

ATLAS RECYCLING, INC.; China Shipping (North America) Holding Company, Ltd. et al., Appellees.

[Cite as *LaNeve v. Atlas Recycling, Inc.*, 172 Ohio App.3d 44, 2007-Ohio-2856.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2006–T–0032.

Decided June 18, 2007.

Burkey, Burkey & Scher Co., L.P.A., and Robert F. Burkey, for appellants.

Julia R. Brouhard and Robert T. Coniam, for appellee, China Shipping (North America) Holding Co., Ltd.

Davis & Young, L.P.A., Thomas W. Wright, William J. Meola and Kristi L. Haude, for appellee, ContainerPort Group, Inc.

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} John and Melissa LaNeve appeal from the judgment of the Trumbull County Court of Common Pleas, dismissing their action against China Shipping (North America) Holding Co., Ltd., and ContainerPort Group, Inc., pursuant to Civ.R. 12(B)(6). We reverse and remand.

{¶ 2} Mr. LaNeve alleges that he suffered injuries at his place of employment, Atlas Recycling, Inc., on May 28, 2002. On May 28, 2004, he and Mrs. LaNeve filed the underlying action for intentional tort, negligence, and loss of consortium against Atlas and various "John Doe" defendants. On May 6, 2005, the LaNeves filed an amended complaint, replacing two of the John Doe defendants with China Shipping and ContainerPort and instructing the clerk to issue summons by certified mail. The docket indicates that certified mail containers were prepared on or about May 19, 2005, and summons issued on May 23, 2005. The certified mail receipt from ContainerPort indicates service of the summons and amended complaint was made on May 26, 2005; that from China Shipping shows service was made on June 2, 2005.

{¶ 3} On July 1, 2005, ContainerPort answered the amended complaint, asserting the defenses of failure of and/or improper service and the statute of limitations. On July 28, 2005, China Shipping filed a motion to dismiss the

amended complaint for failure to state a claim, pursuant to Civ.R. 12(B)(6). China Shipping asserted that it had not been personally served with the amended complaint and summons, as required with former John Doe defendants pursuant to Civ.R. 15(D), within the year required by Civ.R. 3(A). Consequently, it argued that the amended complaint was time-barred, as it did not relate back to the filing of the original complaint, which occurred the day the statute of limitations for the LaNeves' claims ran, on May 28, 2004.

{¶ 4} On August 23, 2005, ContainerPort moved to dismiss the amended complaint on substantially the same basis as had China Shipping. The LaNeves opposed on December 19, 2005, and China Shipping filed a reply brief on December 29, 2005. The trial court held an evidentiary hearing on January 5, 2006. On February 7, 2006, the trial court dismissed the claims against China Shipping and ContainerPort, with prejudice, as time-barred. On March 2, 2006, the trial court filed a nunc pro tunc entry, finding that there was "no just reason for delay."

{¶ 5} On March 7, 2006, the LaNeves timely noticed this appeal, assigning three errors:

{¶ 6} "[1] The trial court erred in ruling that appellants' claims against appellees were time barred by the two year statute of limitations because Civil Rule 15(D) conflicts with other law, and thus, is invalid, unenforceable and does not apply to this case.

{¶ 7} "[2] The trial court erred in ruling that appellants' claims against appellees were time barred by the two year statute of limitations because appellants' amended complaint relates back to the original complaint, which was timely filed.

{¶ 8} "[3] The trial court erred in ruling that appellants' claims against appellees were time barred by the two year statute of limitations when the clerk of courts unreasonably delayed preparing and issuing summons."

{¶ 9} We deal with the assignments en masse.

{¶ 10} The basis for the motions to dismiss filed by defendants in this case is the conjunction between Civ.R. 3(A), 15(C), and 15(D), with the two-year statute of limitations for personal injury. China Shipping and ContainerPort argued in the trial court, and continue to argue, as follows:

{¶ 11} Civ.R. 15(D) demands that personal service of the summons and complaint and/or amended complaint be made on a former John Doe defendant when its name is discovered.[1] It requires that the original complaint be served

---

1. We do not quibble with the point that personal service is required under the rule. We would note, for benefit of parties and counsel, that there is some question as to whether the original

on such a defendant. It requires that certain "magic language" be included in the complaint and/or amended complaint and one or more of the summonses. The LaNeves never served the original complaint on China Shipping or ContainerPort at all; they served the amended complaint by certified mail. Thus, service was improper under Civ.R. 15(D), and the amended complaint does not relate back under Civ.R. 15(C).

{¶ 12} Civ.R. 3(A) provides that a civil action is commenced by filing a complaint with the court, if service is achieved within a year of the filing. The original complaint in this case was filed on May 28, 2004, the last day of the applicable limitations period. Since proper service was not achieved under Civ.R. 15(D) on either China Shipping or ContainerPort within a year of May 28, 2004, this action did not commence within the limitations period, and it is time-barred.

{¶ 13} The flaw in this argument results from failure to account for the interaction of Civ.R. 3(A) and the savings statute, R.C. 2305.19. In *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801, at the syllabus, the Supreme Court of Ohio held:

{¶ 14} "When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint."

{¶ 15} This rule applies, even though the statute of limitations expires during the one-year period for service obtained by the "refiling." Cf. *Goolsby*, 61 Ohio St.3d at 550, 575 N.E.2d 801.

{¶ 16} In *Fetterolf v. Hoffmann–LaRoche, Inc.* (1995), 104 Ohio App.3d 272, 279, 661 N.E.2d 811, we extended the rule in *Goolsby* to situations in which a would-be plaintiff files an amended complaint, with demand for service, within the limitations period.

{¶ 17} In *Nationwide Mut. Ins. Co. v. Galman*, 7th Dist. No. 03 MA 202, 2004-Ohio-7206, 2004 WL 3090212, the court held that a second amended complaint,

---

complaint and summons, or the amended complaint and summons, are the matters requiring personal service under Civ.R. 15(D). See, e.g., *Burya v. Lake Metroparks Bd. of Park Commrs.*, 11th Dist. No. 2005–L–015, 2006-Ohio 5192, 2006 WL 2798294, at ¶ 38-39 (original complaint and summons, not amended complaint and summons, must be personally served under Civ.R. 15(D)). See, also, *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP–763, 2007-Ohio-1297, 2007 WL 853337, at ¶ 24–29. But, see, *Miller v. Am. Family Ins. Co.*, 6th Dist. No. OT–02–011, 2002-Ohio-7309, 2002 WL 31888219, at ¶ 37 (amended complaint and summons to be personally served). It seems that prudent counsel should request personal service of both the original and amended complaints and summons and should otherwise comply strictly with the provisions of Civ.R. 15(D), in regard to any pleading served on a John Doe or former John Doe defendant.

filed *outside* the two-year statute of limitations for personal injury, was valid, since it benefitted from operation of the savings statute due to filing of the first amended complaint *within* the limitations period. Id. at ¶ 28.

{¶ 18} In the instant case, the LaNeves filed their original complaint, including various John Doe defendants, on May 28, 2004—the final day allowed by the two-year statute of limitations, R.C. 2305.10. This was an attempt to commence their actions against China Shipping and ContainerPort, within the limitations period, as required to preserve the savings statute. R.C. 2305.19(A). They filed their amended complaint, with instructions for service, May 6, 2005, within the one-year period allowed for service by Civ.R. 3(A). Pursuant to the authority of *Fetterolf,* 104 Ohio App.3d at 279, 661 N.E.2d 811, this was the equivalent of a voluntary dismissal and refiling: i.e., a failure "otherwise than upon the merits," bringing the savings statute into operation. Cf. *Galman* at ¶ 24–35. Thus, the LaNeves had one year from May 6, 2005, to perfect service upon China Shipping and ContainerPort, pursuant to R.C. 2305.19(A).

{¶ 19} We are aware that other appellate courts have held that a plaintiff may not benefit from the savings statute when its attempt to commence an action is not fully compliant with the Civil Rules. Thus, in *Kramer v. Installations Unltd., Inc.* (2002), 147 Ohio App.3d 350, 355–356, 770 N.E.2d 632, the Fifth District ruled that a plaintiff had not attempted to commence an action against a John Doe defendant, within the meaning of the savings statute, when that plaintiff did not attempt personal service as required by Civ.R. 15(D). The *Kramer* court relied, in part, on a similar ruling by the Eighth District in *Permanent Gen. Cos Ins. Co. v. Corrigan* (May 24, 2001), 8th Dist. No. 78290, 2001 WL 563072. In this case, of course, the LaNeves did not demand personal service on China Shipping or ContainerPort of either the original complaint and summons, or the amended complaint and summons, when the latter was filed. Pursuant to the authority of *Kramer* and *Permanent Gen. Cos Ins. Co.,* this failure to demand proper service under Civ.R. 15(D) would be fatal to the LaNeves' actions.

{¶ 20} We respectfully believe that those courts construing the phrase "attempted to be commenced," as used in the savings statute, R.C. 2305.19(A), to mean "*would* have commenced except for some failure by the clerk, the process server, or the postal system," are reading too much into this simple phrase. It means what it says: the savings statute preserves, for a year, any action that a would-be plaintiff has tried to commence, without success, due to the circumstances listed in the statute. A failure to comply with technical service rules—such as that in Civ.R. 15(D)—is exactly the sort of attempt to commence an action to which the savings statute is directed.

█ {¶ 21} It should be recalled that service of process exists for two reasons: (1) so a defendant knows an action is pending and may properly defend itself and (2) to give the court in which the action is filed personal jurisdiction. Service of process is a practical thing, not an abstraction for the delectation of legal scholars, and the courts of Ohio should construe the civil rules regulating it in a practical light. See, e.g., Civ.R. 1(B). This case is illustrative. Both China Shipping and ContainerPort received actual notice of the pendency of the LaNeves' claims, within a period appropriate under the statute of limitations, Civ.R. 3(A), and the savings statute, *unless* the technical service requirements of Civ.R. 15(D) are allowed to trump all other considerations. This runs contrary to the spirit and intent of the Civil Rules.

{¶ 22} The judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is hereby remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'NEILL, J., concurs.

GRENDELL, J., dissents.

GRENDELL, J., dissenting.

{¶ 23} I respectfully dissent.

{¶ 24} The following points are undisputed.

{¶ 25} John LeNeve's alleged injuries occurred on May 28, 2002. The original complaint was filed on May 28, 2004, against Atlas Recycling, Inc. and various John Doe defendants. On May 28, 2004, the statute of limitations on LaNeve's personal-injury claims expired. R.C. 2305.10.

{¶ 26} On May 6, 2005, LaNeve filed an amended complaint replacing two of the John Doe defendants with China Shipping (North America) Holding Company, Ltd. and ContainerPort Group, Inc. On May 26, 2005, ContainerPort was served with a copy of the amended complaint by certified mail. On June 2, 2005, China Shipping was likewise served with the amended complaint by certified mail.

{¶ 27} Since the statute of limitations on LaNeve's claims had run by the time China Shipping and ContainerPort were added as defendants, it is necessary that the amended complaint "relate back" to the date of the filing of the original complaint.

{¶ 28} Civ.R. 3(A), governing the commencement of a civil suit, provides: "A civil action is commenced by filing a complaint with the court, if service is

obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

{¶ 29} Under Civ.R. 3(A), "[a] plaintiff could therefore," as LaNeve has done here, "file a complaint on the last day of the limitations period and have a full year beyond that date within which to obtain service." *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 550, 575 N.E.2d 801.

{¶ 30} The time within which to perfect service of a complaint may be extended even further. "When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within the rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." Id. at syllabus.

{¶ 31} The majority's decision depends upon construing LaNeve's May 6, 2005 amended complaint as a subsequent dismissal and refiling of the original complaint. Thus, the majority concludes that LaNeve had an additional year from May 6, 2005, within which to perfect service upon China Shipping and Container-Port.

{¶ 32} However, construing LaNeve's amended complaint as a refiled original complaint is not permissible under Ohio law.

{¶ 33} "In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, at syllabus.

{¶ 34} Civ.R. 15(D) provides: "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

{¶ 35} Thus, "Civ.R. 15(D) specifically requires that the summons must be served personally upon the defendant." (Emphasis sic.) *Amerine*, 42 Ohio St.3d at 58, 537 N.E.2d 208. This court has acknowledged the necessity of personal service of the original complaint on a John Doe defendant in order to have the amended complaint relate back. "Supreme Court authority indicates * * * that service of the original complaint and summons should be made on the former

John Doe defendant, and that Civ.R. 15(D) explicitly requires these to be by personal service." *Burya v. Lake Metroparks Bd. of Park Commrs.*, 11th Dist. No. 2005–L–015, 2006-Ohio-5192, 2006 WL 2798294, at ¶ 39.[2]

{¶ 36} The facts in *Burya* are directly on point and ought to control the outcome in the present case. In *Burya*, the alleged injuries occurred on October 13, 2001. Id. at ¶ 2. The plaintiffs filed a complaint on October 8, 2003, including John Doe defendants. Id. at ¶ 4. On July 6, 2004, plaintiffs moved to file an amended complaint identifying one of the John Doe defendants. The amended complaint and summons were served upon the John Doe defendant by certified mail. Id. at ¶ 9. Thereafter, the former John Doe defendant moved for and was granted summary judgment on the ground that plaintiffs failed to serve him personally as required by Civ.R. 15(D). Id. at ¶ 11. This court agreed and affirmed the decision of the lower court. Id. at ¶ 40 ("it was proper for the trial court to grant him summary judgment on the basis of the statute of limitations, once the one year period provided for service under Civ.R. 3(A) ran in October, 2004").

{¶ 37} Our decision in *Burya* is consistent with the decisions of other Ohio appellate districts. See *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP–763, 2007-Ohio-1297, 2007 WL 853337, at ¶ 27 ("in order for an amended complaint to relate back to the original complaint vis à vis a defendant originally identified by a fictitious name, the plaintiff is required to personally serve the newly identified John Doe defendant with a copy of the original summons and complaint within one year of the filing of the original complaint"); *Kramer v. Installations Unltd., Inc.* (2002), 147 Ohio App.3d 350, 355, 770 N.E.2d 632 ("Civ.R.15(D) specifically required appellant to personally serve [a John Doe defendant] and service by certified mail is not a permitted form of service for a formerly fictitious, now identified defendant"); *Permanent Gen. Cos Ins. Co. v. Corrigan* (May 24, 2001), 8th Dist. No. 78290, at 4, 2001 WL 563072 ("the personal service requirement of Civ.R. 15(D) is mandatory"); *McConville v. Jackson Comfort Sys., Inc.* (1994), 95 Ohio App.3d 297, 304, 642 N.E.2d 416 (requirements of Civ.R. 15(D) and 3(A) were not met where "[s]ervice of the amended complaint was accomplished by way of certified mail" and the "amended complaint was filed beyond the expiration date of the statute of limitations"); *Gaston v. Toledo* (1995), 106 Ohio App.3d 66, 79, 665 N.E.2d 264 (It is "[o]nly when a plaintiff meets the personal service requirement under Civ.R. 15(D), that

---

**2.** *Burya v. Lake Metroparks Bd. of Park Commrs.*, 11th Dist. No. 2005–L–015, 2006-Ohio-5192, 2006 WL 2798294, discretionary appeal allowed, 112 Ohio St.3d 1441, 2007-Ohio-152, 860 N.E.2d 766 (on political subdivision immunity issue), certification granted, 112 Ohio St.3d 1438, 2007-Ohio-152, 860 N.E.2d 764 (on political subdivision immunity issue).

such plaintiff can benefit by the one-year of additional time to perfect service under Civ.R. 3(A)").

{¶ 38} Rather than follow *Burya* and the other authorities, the majority relies upon the case of *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, for the proposition that "[w]hen service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." Id. at syllabus.

{¶ 39} *Goolsby* is easily distinguished. First, none of the defendants in *Goolsby* were John Doe defendants. Thus, the Supreme Court did not consider Civ.R. 3(A) "in conjunction with" Civ.R. 15(D) as it had in *Amerine*. Cf. *Amerine*, 42 Ohio St.3d 57, 537 N.E.2d 208, at syllabus.

{¶ 40} Second, the holding in *Goolsby* is premised on the factual situation in which the amended complaint/instruction to the clerk to attempt service was made *prior to the expiration of the statute of limitations*. As the Supreme Court stated, "[I]n the case at bar, the original complaint was filed, it was not dismissed, and a demand for service was made—*all prior to the expiration of the limitations period*." (Emphasis added.) 61 Ohio St.3d at 551, 575 N.E.2d 801. It was "*[u]nder these circumstances*" that the plaintiff's attempt at service was construed as a dismissal and refiling. (Emphasis added). Id. Cf. *Pewitt v. Roberts*, 8th Dist. No. 85334, 2005-Ohio-4298, 2005 WL 1994447, at ¶ 15 ("appellant's request for service on appellees in this case was not made until after the two year limitations period expired, while the request for service by the plaintiff in *Goolsby* was made within the original statute of limitations"); *Fetterolf v. Hoffmann–LaRoche, Inc.* (1995), 104 Ohio App.3d 272, 279, 661 N.E.2d 811 (holding that, under *Goolsby*, appellant's claim for loss of consortium was barred since service of the amended complaint occurred after the statute of limitations had run on this claim).

{¶ 41} Similarly, the majority's recourse to the saving statute, R.C. 2305.19(A), is unavailing. As with its reliance on *Goolsby*, the majority fails to apply the saving statute in conjunction with the Civil Rules applicable to John Doe defendants. The majority's application of the saving statute is also contrary to precedent. See *Mustric v. Penn Traffic Corp.* (Sept. 7, 2000), 10th Dist. No. 00AP–277, 2000 WL 1264526, at *13–*14 (holding that R.C. 2305.19(A) did not apply where the plaintiff attempted to commence the action against John Doe defendants by certified mail, "an improper method under Civ.R. 15(D)").

{¶ 42} In sum, the outcome of the present case is determined, under *Amerine*, *Burya*, and Civ.R. 15(D), by the fact that LaNeve attempted to serve China Shipping and ContainerPort by certified mail, rather than by personal service.

{¶ 43} The majority opinion cavalierly disregards any consideration of Civ.R. 15(D) as a "technical service rule." Rather than being "an abstraction for the delectation of legal scholars," the failure of a party to properly amend pleadings, in this case by failing to obtain personal jurisdiction over two John Doe defendants, is not the sort of defect that the "spirit of the Civil Rules" allows us to ignore. Cf. *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 577, 589 N.E.2d 1306 (holdings based on the "spirit of the Civil Rules" do not "stand for the proposition * * * that where defects appear [in the amendment of pleadings] they may be ignored").

{¶ 44} The decision of the lower court should be affirmed.