OPINION
{¶ 1} Chelsey L. Gibson appeals from a judgment of Portage County Court of Common Pleas granting summary judgment to Kevin E. Summers in a negligence action seeking damages relating to a motor vehicle accident. For the following reasons, we affirm in part; reverse in part and remand.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} The facts surrounding the instant appeal are undisputed. Ms. Gibson and Mr. Summers were involved in a motor vehicle accident on January 12, 2004. On January 10, 2006, two days before the statute of limitations ran, Ms. Gibson filed a complaint asserting negligence against Mr. Summers in connection with the accident.[1] The day after, on January 11, 2006, the clerk sent a summons and a copy of the complaint to Mr. Summers by certified mail addressed to "10296 Nichols Road, Garrettsville, OH 44231."
 {¶ 4} Six days later, on January 17, 2006, the certified mail was returned to the clerk with a postal service notation of "Attempted Not Known" on the envelope. On that same day, the clerk sent Ms. Gibson's attorney a notice of the failure of service on Mr. Summers. No further attempt, however, was made by Ms. Gibson or her attorney to serve her complaint on Mr. Summers.
 {¶ 5} Twenty-two months after she filed her original complaint, on October 25, 2007, Ms. Gibson filed an amended complaint, naming Mr. Summers as well as two insurance companies as defendants. She asserted a negligence claim against Mr. Summers and uninsured motorist coverage claims against the insurance companies.[2] On that same day, Ms. Gibson filled out a "Request for Service and Instructions," requesting the clerk to serve the summons and the amended complaint on Mr. Summers and the two insurance companies by both certified mail and ordinary mail. The address for Mr. Summers she provided was "390 Freeman Street, N.W., Warren, OH 44483." The next day, on October 26, 2007, the clerk sent the service by certified *Page 3 
mail, and, on October 29, 2007, by regular mail. On November 28, 2007, the certified mail service was returned "Unclaimed." The regular mail service was not returned.
 {¶ 6} On November 9, 2007, Mr. Summers filed an answer to the amended complaint and asserted various defenses, including insufficiency of service of process and the expiration of the statute of limitations. He then moved for summary judgment on the ground that he had not been served with the complaint and that Ms. Gibson's negligence claim was barred by the two year statute of limitations pursuant to R.C. 2305.10.
 {¶ 7} On March 11, 2008, the trial court granted Mr. Summers summary judgment, finding that Ms. Gibson failed to properly commence her action against Mr. Summers pursuant to Civ. R. 3(A) because he was not served within one year after she filed her complaint as required by the rule and that her filing of the amended complaint could not restart the one-year service time. The trial court stated that Ms. Gibson failed to timely commence her claim and Mr. Summers was entitled to judgment as a matter of law. However, it also stated Ms. Gibson's claim against Mr. Summers is dismissed "without prejudice." The last paragraph of the court's judgment stated:
 {¶ 8} "IT IS THEREFORE ORDERED that the motion of Defendant Kevin E. Summers for summary judgment against Plaintiff Chelsey L. Gibson for failing to timely commence her claim be and hereby is granted, and Plaintiff's claim against Summers is hereby dismissed, without prejudice, for failure to commence."
 {¶ 9} Ms. Gibson filed the instant appeal and Mr. Gibson filed a cross-appeal. We consider Ms. Gibson's appeal first. It raises the following assignment of error for our review: *Page 4 
 {¶ 10} "[1.] The trial court erred in dismissing appellant's claims against appellee for failure to commence."
 {¶ 11} This court reviews de novo a trial court's order granting summary judgment. Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, ¶ 8. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Hapgood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, ¶ 13, citing Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. The summary judgment standard requires the trial court to grant judgment for the moving party "when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." Sinnott v.Aqua-Chem, Inc. (2007), 116 Ohio St. 3d 158, ¶ 29.
 {¶ 12} The following civil rules are pertinent to the instant appeal. Civ. R. 4.1 prescribes three methods of service: service by (1) certified or express mail, (2) personal service, and (3) residence service. Civ. R. 4.1(A) describes how to effectuate service by certified or express mail:
 {¶ 13} "(A) Service by certified or express mail.
 {¶ 14} "Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in *Page 5 
an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.
 {¶ 15} "The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.
 {¶ 16} "* * *."
 {¶ 17} Civ. R. 4.6(E) provides for the duty of counsel of serving party when service fails:
 {¶ 18} "(E) Duty of attorney of record or serving party.
 {¶ 19} "The attorney of record or the serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service notwithstanding the provisions in Civ. R. 4.1 through 4.6 which instruct a clerk to notify the attorney of record or the serving party of failure of service of process." *Page 6 
 {¶ 20} Furthermore, Civ. R. 3 (A) defines the notion of a "commencement" of a lawsuit as follows:
 {¶ 21} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ. R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)."
 {¶ 22} Thus, in Ohio, for an action to be considered "commenced," not only must a complaint be filed, but service must be obtained within one year of the filing of the complaint. See Saunders v. Choi (1984),12 Ohio St.3d 247, 250 ("[u]nder Civ. R. 3(A), an action is not deemed to be `commenced' unless service of process is obtained within one year from the date of the filing of the action"). Another consequence of Civ. R. 3(A) is that "it is not necessary to obtain service upon a defendant within the limitations period * * *. A plaintiff could therefore file a complaint on the last day of the limitations period and have a full year beyond that date within which to obtain service." Goolsby v.Anderson Concrete Corp. (1991), 61 Ohio St. 3d 549, 550.
 {¶ 23} A determination of whether Ms. Gibson timely "commenced" her action is important for another reason. If she did, she would be able to utilize Ohio's saving statute to refile her action, beyond the statute of limitations, if her action "fails otherwise than upon the merits." Ohio's saving statute, R.C. 2305.19, states:
 {¶ 24} "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the *Page 7 
date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
 {¶ 25} After reviewing the circumstances as reflected in the record, we have determined that Ms. Gibson's action was not timely commenced pursuant to Civ. R. 3(A) and furthermore the saving statute is not available to her for a refiling of her case.
 {¶ 26} Failure of Commencement Pursuant to Civ. R. 3(A)
 {¶ 27} Ms. Gibson's complaint against Mr. Summers alleged a negligence claim for bodily injuries sustained in the January 12, 2004 automobile accident. Pursuant to R.C. 2305.10, "an action for bodily injury * * * shall be brought within two years after the cause of action accrues."
 {¶ 28} Ms. Gibson filed her complaint with the trial court on January 10, 2006, two days before the expiration of the January 12, 2006 statutory deadline. The day after she filed her complaint, the clerk mailed the summons and complaint by certified mail to Mr. Summers at the address provided in the complaint. The certified mail, however, was returned a month later to the clerk with the notation "Attempted Not Known."[3] On that same day, the clerk sent notice to Ms. Gibson's counsel, pursuant to Civ. R. 4(A), notifying him of the failure of service. Ms. Gibson's counsel, however, made no further attempt to effectuate service, either by regular mail, personal service, or residence service. *Page 8 
 {¶ 29} Pursuant to Civ. R. 3(A), therefore, Ms. Gibson failed to "commence" her action against Mr. Summers before the statutory period for her action expired, not because she failed to obtain service before the statute of limitations expired, but because she failed to obtain service within the one-year service time prescribed by Civ. R. 3(A).
 {¶ 30} Goolsby is Inapplicable
 {¶ 31} Ms. Gibson's main contention on appeal is that because she filed an amended complaint on October 25, 2007, and obtained service within one year of the filing of the amended complaint, her action should be deemed "commenced" pursuant to Civ. R. 3(A), and furthermore, she claims should her action failed "otherwise than upon the merits," she should be able to utilize the saving statute to refile her action beyond the statutory time.[4] For these claims, she relies onGoolsby, supra.
 {¶ 32} Her reliance is misplaced, because the circumstances inGoolsby are entirely different from the instant case. InGoolbsy, the plaintiff was involved in an automobile incident on July 19, 1985. On February 6, 1986, less than seven months after the incident, she filed a complaint against the defendant. However, for apparently strategic reasons, she instructed the clerk not to issue service at that time. Later, two days prior to the expiration of the statutory time, on July 17, 1987, she gave instructions to the clerk to serve the defendant. Service was obtained six days later, four days after the statutory time had run. *Page 9 
 {¶ 33} Subsequently, on October 11, 1988, the plaintiff voluntarily dismissed the action pursuant to Civ. R. 41(A)(2). On June 27, 1989, four years after the automobile accident, she refiled her action, asserting that the refiling was permitted by the saving statute. Goolsby v.Anderson Concrete Corp. (April 26, 1990), 10th Dist. No. 89AP-1437, 1990 Ohio App. LEXIS 1661.
 {¶ 34} The issue in Goolbsy was whether the plaintiff timely "commenced" her action pursuant to Civ. R. 3(A). If she did, the saving statute would allow her to refile her action within a year of her "failure otherwise than upon the merits," i.e., the date of her voluntary dismissal. If she did not, she could not refile under the saving statute after her voluntary dismissal.
 {¶ 35} The plaintiff in Goolsby argued that by instructing the clerk to issue a summons prior to the expiration of the statutory time, she timely "commenced" her action and therefore the saving statute permitted her to refile her action on June 27, 1989, within one year of her October 11, 1988 voluntary dismissal of the complaint.
 {¶ 36} The Tenth District, on appeal, concluded that she did not "commence" her action under Civ. R. 3(A)(1), because she failed to obtain service within one year of filing her complaint. The court reasoned that because plaintiff failed to obtain service within one year of filing her complaint, no action was "commenced" pursuant to Civ. R. 3(A). And, because her action was not timely "commenced," the saving statute was not available to her and she could not refile her case under that statute after her voluntary dismissal of the action. The appellate court emphasized that, instead of instructing the clerk to obtain service on July 17, 1987, two days before the expiration of the statutory time on July 19, 1987, her recourse would have been to file a new complaint on or be *Page 10 
July 19, 1987. Id. at *8. Because she never "commenced" her action, she could not refile under the saving statute.
 {¶ 37} The Supreme Court of Ohio reversed the Tenth District. It reasoned: "A purely technical application of Civ. R. 3(A) would result in a finding that Goolsby had not commenced her action, despite the fact that the first complaint was filed and a demand for service was madewithin the limitations period prescribed by statute. Yet, it is not disputed that had Goolsby dismissed her complaint and again filed it at the time instructions for service were given, the action would have been commenced according to Civ. R. 3(A)." (Emphasis added.) Goolsby
at 550-551.
 {¶ 38} The Supreme Court of Ohio went on to state: "We believe that under these circumstances the Civil Rules should not require a plaintiff to refile a complaint identical to one which has previously been, and remains, filed. Such an exercise could not be said to `effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.' Civ. R. 1(B)." Id. at 551.
 {¶ 39} Based on that reasoning, the Supreme Court held that "when service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ. R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." Id. at 551.
 {¶ 40} Because the plaintiff was deemed to have performed the equivalent act of dismissing and refiling her complaint on July 17, 1987, two days before the statutory deadline, the Goolsby court reasoned that that she had a year from that date to obtain *Page 11 
service. Thus, by obtaining service on July 23, 1987, she "commenced" her action in accordance with Civ. R. 3(A). Consequently, the court concluded that "Goolsby's first action was commenced and the refiling of her second action [on June 27, 1989] was proper under the saving statute." Id. at 551 (internal citation omitted). As the court emphasized, it reached this conclusion because "in the case at bar, the original complaint was filed * * * and a demand for service was made — all prior to the expiration of the limitations period." (Emphasis added.) Id. at 551. "Under these circumstances, an application of Civ. R. 3(A) barring Goolsby from obtaining a resolution on the merits would not comport with the spirit of the Civil Rules." Id.
 {¶ 41} As made clear by the Supreme Court of Ohio's reasoning,Goolsby is applicable only under limited circumstances. TheGoolsby plaintiff was deemed to have timely "commenced' her action and therefore able to refile on July 27, 1989, under the saving statute following her October 11, 1988 dismissal because, crucially, at the time she instructed the clerk to obtain service, her action was stillwithin the statute of limitations. Her ability to refile the original complaint within the statutory period and gain an additional year to obtain service under Civ. R. 3(A) is the reason why the court held that a plaintiff in her situation need not go through the formality of dismissing her action and then promptly refile her action. Rather, the court was willing to consider an instruction to the clerk to effect service as equivalent to the act of dismissing and promptly refiling the complaint, giving her an additional year for service. Because the plaintiff was deemed to have "refiled" her case on July 17, 1987, by perfecting service on July 23, 1987, she "commenced" her action pursuant to Civ. R. 3(A). Consequently, the voluntary dismissal on October 11, 1988, being a "failure otherwise than upon the *Page 12 
merits," allowed her to refile her action on June 27, 1989, within a year of that dismissal, pursuant to the saving statute.
 {¶ 42} These unique circumstances are not present in the instant case. Ms. Gibson filed her action on January 10, 2006, two days before the statutory time ran on her action. Pursuant to Civ. R. 3(A), she had until January 10, 2007, to obtain service of process on Mr. Summers for her action to be considered timely commenced. However, when the certified mail sent by the clerk to Mr. Summers was returned on January 17, 2006, with the notation "Attempted Not Known," indicating that the intended recipient did not reside at the address, Ms. Gibson's counsel was notified of the failure of service yet made no attempts whatsoever to perfect service within the one-year period prescribed by Civ. R. 3(A). This circumstance takes the instant case out of the realm ofGoolbsy, where the plaintiff gave instruction to the clerk to serve the defendant while the plaintiff's action was still within the statutoryperiod.
 {¶ 43} In contrast to the Goolsby plaintiff, Ms. Gibson's counsel did not take any further action after being notified of the failure of service on Mr. Summers until October 25, 2007, ten months after the one-year period for perfecting service and a-year-and-nine-months after the expiration of the statutory period, when Ms. Gibson filed an amended complaint. She argues that her filing of the amended complaint with instructions to the clerk for service should be considered the equivalent act of refiling her action, in the same way theGoolsby plaintiff's giving instructions to the clerk for service was deemed the equivalent to a refiling of the complaint.
 {¶ 44} Ms. Gibson's argument is without merit. Goolsby's holding is predicated on the fact that when the plaintiff in that case gave the instruction to the clerk to serve *Page 13 
the defendant, she still had the ability at that time to dismiss her case and then promptly refile her case within the statute of limitation. Here, by the time Ms. Gibson filed the amended complaint — assuming arguendo that the filing of an amended complaint could be considered as equivalent to a refiling of the case pursuant to Goolsby — she no longer had the ability to dismiss and refile her case within the statute of limitations. This crucial fact renders Goolsby inapplicable to the present case.
 {¶ 45} Fetterolf is Inapplicable
 {¶ 46} Ms. Gibson cited Fetterolf v. Hoffmann-LaRoche, Inc. (1995),104 Ohio App.3d 272 to support her claim that filing an amended complaint with demand for service is equivalent to refiling a complaint. She misread Fetterolf.
 {¶ 47} In Fetterolf, a case involving the Civ. R. 3(A) "commencement" issue but not the saving statute, plaintiff filed a complaint on May 15, 1992, alleging his son, born May 16, 1988, suffered birth defects as a result of the prescription medication given to the plaintiff's wife during her pregnancy. He asserted products liability, medical malpractice, nursing negligence, and loss of consortium in his complaint. Service of process of the original complaint was not obtained within the Civ. R. 3 one-year period. On November 12, 1992, plaintiff's son died. On May 14, 1993, plaintiff filed an amended complaint adding a wrongful death claim, with a written request for service of process for the amended complaint. Service of process on the amended complaint was obtained the following month.
 {¶ 48} On appeal, this court applied the rational of Goolsby and found that the filing of the amended complaint with instructions to the clerk to attempt service on the *Page 14 
amended complaint was the equivalent of refiling the complaint and therefore provided an additional year for obtaining service.
 {¶ 49} Specifically, we determined that although the cause of action accrued on May 16, 1988, when plaintiff's son was born, the applicable statutory periods for the various causes of action were tolled by the son's minority. The disability terminated and the statutory period began to run on November 13, 1992, when the son died. "An application of the shortest applicable statutory period of one year from the date of his death would result in a limitations period ending on November 13, 1993. Since the `refiling' date of May 14, 1993 occurred prior to theexpiration of this period, appellant's survival claims for negligent products liability, medical malpractice, nursing negligence had [timely] commenced." (Emphasis added.) Id. at 281.
 {¶ 50} In Fetterolf, it is important to this court that the amended complaint was filed prior to the expiration of the statutory period. When the plaintiff filed his amended complaint, his claims asserted in the original complaint, with the exception of the loss of consortium claim, were still within the statutory period and therefore he would have been able to dismiss his original complaint and file a new action for the unexpired claims, obtaining an additional year for service. This is the reason why this court extended Goolsby to the Fetterolf
plaintiff's products liability, medical malpractice, and nursing negligence claims.
 {¶ 51} Applying Goolsby, this court also concluded that the "refiling" date of May 14, 1993 "effectively moved appellant's claim for loss of consortium arising from [his son's] injuries before his death outside of the applicable statutory period." Id. at 279. *Page 15 
This is because loss of consortium claim, as a derivative claim of medical claims, has one year limitations period. As we explained:
 {¶ 52} "[A]ssuming [plaintiff's] son's birth on May 16, 1988 was the `cognizable event' which gave rise to [plaintiff's] claim, the limitations period would have ended on May 16, 1989. Since the `refiling' date was May 14, 1993, [plaintiff's] complaint as to this loss of consortium claim was untimely. Consequently, Goolsby is distinguishable because [plaintiff] could not have dismissed his loss of consortium claim in the original complaint and refiled the same claim in his amended complaint prior to the expiration of the statutory period." Id. at 279-280.
 {¶ 53} Therefore, although this court extended Goolsby inFetterolf to a plaintiff who filed an amended complaint with instructions for service, the plaintiff must have filed the amended complaint within the limitations period. For this reason,Fetterolf is distinguishable from the instant case.[5]
 {¶ 54} Under this assignment of error, Ms. Gibson also presents for our review the following issue: "where certified mail service is returned unclaimed with a notation indicating a new address, an ordinary mail service is subsequently sent to the same address as the unclaimed certified mail, absent some admissible evidence showing *Page 16 
failure of service, will proper service be presumed provided that the ordinary mail is not returned?"
 {¶ 55} This issue relates to Ms. Gibson's filing of her amended complaint on October 25, 2007. The record reflects that on that day, she filled out a "Request for Service and Instructions," requesting the clerk to serve summons and the amended complaint on Mr. Summers. The next day the clerk sent the summons and amended complaint by certified mail, and, on October 29, 2008, by regular mail. On November 28, 2007, the certified mail service was returned "Unclaimed" while the regular mail was not returned.
 {¶ 56} This issue is moot, because we have determined Ms. Gibson failed to timely commence her action pursuant to Civ. R. 3(A) and furthermore rejected her claim that under Goolsby her filing of an amended complaint should be considered as a refiling of her complaint thus affording her an additional year to obtain service. Given our resolution of that claim, the question regarding whether her amended complaint was properly served is immaterial and we need not consider it.
 {¶ 57} For these reasons, the trial court correctly concluded that Ms. Gibson failed to timely commence her action against Mr. Summers before the expiration of the statutory period and that, construing the evidence most favorably for Ms. Gibson, there existed no genuine issue of material fact and Mr. Summers was entitled to judgment as a matter of law. Ms. Gibson's assignment of error is overruled.
 {¶ 58} Dismissal of the Instant Action Should Have Been WithPrejudice
 {¶ 59} We now review Mr. Summers' cross-appeal, which raises the following assignment of error: *Page 17 
 {¶ 60} "While the trial court properly granted Defendant-Appellee/Cross Appellant's Motion for Summary Judgment, the court erred as a matter of law in dismissing Plaintiff-Appellant/Cross-Appellee's negligence claim without prejudice instead of with prejudice."
 {¶ 61} Ms. Gibson filed her action two days before the statute of limitations ran on her action. Under Civ. R. 3(A), she need not obtain her service within the statutory period in order for her action to have timely "commenced"; rather, she had one year from the date for obtaining service. Yet she made no further attempt to perfect service on Mr. Summers upon being notified of the failure of service.
 {¶ 62} As we have determined, her filing of an amended complaint a year and nine months after the statutory period expired on her action cannot be construed as a refiling of her action pursuant toGoolsby. Therefore, because she failed to serve Mr. Summers within the one-year period allowed by Civ. R. 3(A), she never "commenced" her action prior to the expiration of the statutory period. Furthermore, because she did not timely "commence" her action, she could not utilize the saving statute to refile her case "upon a subsequent "failure otherwise than upon the merits."
 {¶ 63} A dismissal for failure to commence an action within the statute of limitations is a dismissal with prejudice. Anderson v.Borg-Warner Corp., 8th Dist. Nos. 80551 and 80926, 2003-Ohio-1500, at ¶ 26, citing LaBarbera v. Batsch (1967), 10 Ohio St.2d 106. See, also,Hill v. Yeager, 6th Dist. No. WD-04-010, 2004-Ohio-5663, ¶ 14 (plaintiff filed a complaint on the day the statutory period ran but failed to serve defendant within one year; the appellate court concluded the action was not timely commenced within the applicable statute of limitations period and therefore the trial *Page 18 
court should have dismissed plaintiff's action with prejudice);Thomas v. Galinsky, 11th Dist. No. 2003-G-2537, 2004-Ohio-2789, ¶ 17
(because appellant filed her personal injury action one day after the statute of limitations expired this court conclude the trial court did not err in dismissing, with prejudice, appellant's claim on statute of limitations grounds); Kraus v. Maurer, 8th Dist. No. 83182,2004-Ohio-748, ¶ 34.
 {¶ 64} Accordingly, because Ms. Gibson failed to "commence" her action against Mr. Summers as required by Civ. R. 3(A) within the statutory period, the dismissal of her action should have been with prejudice. Mr. Summers' assignment of error is sustained.
 {¶ 65} Given the foregoing, we affirm the trial court's judgment dismissing Ms. Gibson's action against Mr. Summers but reverse its judgment dismissing the action without prejudice. The case is remanded for a judgment entry to reflect that Ms. Gibson's action against Mr. Summers is dismissed with prejudice.
 {¶ 66} Judgment of the Portage County Common Pleas Court is affirmed in part, reversed in part and remanded.
CYNTHIA WESTCOTT RICE, J., concurs,
TIMOTHY P. CANNON, J., dissents with Dissenting Opinion.
[1] Also named in the complaint were two individuals, Rebekah and Shirley Owens, who are not part of this appeal.
[2] Subsequently, on May 12, 2008, Ms. Gibson filed a notice of voluntary dismissal pursuant to Civ. R. 41(A), dismissing the insurance companies without prejudice.
[3] The endorsement "Attempted — Not Known" means "delivery attempted, addressee not known at place of address." In Re Thompkins,115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 22, citing the United States Postal Service, Domestic Mail Manual, Section 507, Exhibit 1.4.1. The court stated that the inference from the notation is that the intended recipient does not reside or receive mail at the designated address.
[4] The record reflects that after the court granted Mr. Summers summary judgment, Ms. Gibson in fact filed a new complaint against Mr. Summers alleging injury from the same automobile accident under a different case number, No. 2008 CV 00617. Subsequently, she filed a motion to consolidate the two cases. The trial court denied that motion but that judgment is not part of the instant appeal.
[5] Ms. Gibson also relies on this court's decision on LaNeve v. AtlasRecycling, Inc., 172 Ohio App.3d 44, 2007-Ohio-2856, rev'd,119 Ohio St. 3d 324, 2008-Ohio-3921, for the proposition that although she failed to obtain service, she "attempted to commence" her action when she filed her original complaint on January 12, 2004, and therefore should be able to utilize the saving statute to refile her case beyond the statutory period. LaNeve is inapposite, as the issue in that case concerned whether the saving statute applied to an action that was not commenced pursuant to the specific requirements of Civ. R. 15(D), which deals with the amendment of a complaint where name of a party is unknown.LaNeve, 2008-Ohio-3921, ¶ 1. Furthermore, our decision in that case was reversed by the Supreme Court of Ohio and can no longer be relied upon as authority.