[Cite as *Truckly v. Streets*, 2016-Ohio-4732.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| CHERIE I. TRUCKLY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2015-G-0026** |
| CYNTHIA M. STREETS, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 14 P 00109.

Judgment: Modified and affirmed as modified.

*Terry A. Swauger*, 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Plaintiffs-Appellants).

*John A. Rubis*, Ritzler, Coughlin & Paglia, Ltd., 1360 East Ninth Street, 1000 IMG Center, Cleveland, OH 44114  (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1}    Appellants, James A. and Cherie I. Truckly, appeal from the judgment of the Geauga County Court of Common Pleas dismissing their negligence complaint, with prejudice, filed against defendants Cynthia M. Streets and John Doe, in connection with a February 11, 2012 automobile accident.  Based on the following, we affirm the judgment of the trial court as modified herein.

{¶2}    The Trucklys filed their negligence complaint against Ms. Streets and John Doe on February 7, 2014, within the two-year statute of limitations.  The complaint

noted "the identity and address of John Doe are unknown." On February 21, 2014, the Geauga County Clerk of Courts notified counsel for the Trucklys that certified mail service upon Ms. Streets failed as it was "not deliverable as addressed." No further attempts were made to effectuate service.

{¶3} On June 10, 2014, counsel for Ms. Streets filed an answer and notice of service of discovery. In her answer, Ms. Streets asserted the affirmative defense, inter alia, of failure to perfect service of the complaint.

{¶4} On February 2, 2015, counsel for Ms. Streets filed a motion to dismiss the complaint as service had not yet been perfected upon Ms. Streets. Specifically, Ms. Streets' motion maintained that she had not been properly served within six months, and pursuant to Civ.R. 4(E), she asserted the Trucklys were required to show good cause as why service was not made within that period. Ms. Streets noted that after the failure of certified mail service, the Trucklys made no other attempts to perfect service. Ms. Streets moved to dismiss the matter "without prejudice for failure to obtain service in accordance with Civ.R. 4(E)."

{¶5} The Trucklys filed a response on March 12, 2015. In their response, the Trucklys argued R.C. 2305.19, Ohio's savings statute, was applicable. The Trucklys maintained that dismissal would be prejudicial and may prevent them from re-filing the complaint. On the same day of filing their response, the Trucklys instructed the clerk to again serve Ms. Streets via certified mail.

{¶6} The trial court granted Ms. Streets' motion to dismiss, but dismissed the case *with* prejudice. In its judgment, the trial court noted the Trucklys were required to obtain service within one year of filing pursuant to Civ.R. 3(A), and because service was

2

not perfected, the action was never commenced. The trial court therefore concluded that because the statute of limitations expired and the action never commenced, it lacked jurisdiction over Ms. Streets and John Doe. The trial court further stated that although Ms. Streets filed an answer, her defenses included lack of service.

{¶7} In discussing Civ.R. 4(E), the trial court reasoned that although the Trucklys were notified of unsuccessful service, they did not take any further steps to obtain service on Ms. Streets. And, therefore, they failed to demonstrate good cause for their failure to obtain service within six months. The trial court dismissed the action *with* prejudice.

{¶8} The Trucklys filed a timely notice of appeal and assert the following assignments of error:

> [1.] The trial court erred in dismissing the complaint of the appellants.
>
> [2.] The trial court erred in determining the dismissal of the complaint of the appellants was with prejudice prohibiting the appellants from re-filing their complaint.

For ease of discussion, we address the Trucklys' assigned errors in a consolidated analysis.

{¶9} On appeal, the Trucklys present three arguments for our review: (1) a dismissal was not warranted because their additional instructions for service, made March 12, 2015, acted as a re-filing of the complaint; (2) the savings statute is applicable to this situation because although service was not perfected, they attempted to commence their action; and (3) the trial court erred in dismissing their complaint with prejudice.

**{¶10}** "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R.3(A). Civ.R. 4(E) states, with emphasis added:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, *the action shall be dismissed as to that defendant without prejudice* * * *.

**{¶11}** We first address whether the trial court erred in dismissing the Trucklys' complaint with prejudice. The Trucklys' complaint against Ms. Streets alleged a negligence claim for bodily injuries sustained in the February 11, 2012 automobile accident. The Trucklys filed the complaint on February 7, 2014, within the two-year statute of limitations. R.C. 2305.10(A) provides, "an action for bodily injury * * * shall be brought within two years after the cause of action accrues."

**{¶12}** The Trucklys attempted to serve Ms. Streets via certified mail, but it was returned with the notation "not deliverable as addressed." After receiving notification from the clerk, counsel for the Trucklys made no further attempts to serve Ms. Streets. *See* Civ.R. 4(A). Prior to the expiration of one year from the filing of the complaint, counsel for Ms. Streets moved to dismiss the Trucklys' complaint, pursuant to Civ.R. 4(E), not Civ.R. 3(A).

**{¶13}** In *Thomas v. Freeman*, 79 Ohio St.3d 221 (1997), the trial court dismissed the plaintiffs' complaint with prejudice for "lack of prosecution" seven months after the complaint was filed, pursuant to Civ.R. 4(E). Civ.R. 4(E) permits a trial court to dismiss a complaint if service has not been completed within six months after filing. Discussing Civ.R. 4(E), the Ohio Supreme Court stated, "[t]his rule clearly intends that where

4

service is not perfected within six months of the date of the filing of the complaint, the action shall be dismissed *without prejudice.* Since Civ.R. 4(E) allows a plaintiff to show good cause why his or her case should *not* be dismissed, the lack of a showing of good cause is the equivalent of a failure to prosecute." *Id.* at 226-227. Finding the trial court erred in dismissing plaintiff's complaint with prejudice, the Ohio Supreme Court held: "When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4)." *Id.* at paragraph one of the syllabus.

> [W]here the facts indicate that a plaintiff has not acquired service on the defendant, the court may characterize its dismissal as a failure to prosecute pursuant to Civ.R. 41(B)(1), or as a failure to obtain service under Civ.R. 4(E), but the dismissal under either rule will be otherwise than on the merits under Civ. R. 41(B)(4).
>
> This analysis strikes a balance between the competing public policies of construing and applying the Civil Rules to eliminate those cases merely languishing on the docket versus deciding cases upon their merits. Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution.

*Id.* at 226 (citations omitted).

{¶14} In its judgment, the trial court determined the Trucklys failed to show good cause as to why their case should not be dismissed. A dismissal for failure to establish good cause is equivalent to a failure to prosecute. The trial court went beyond the scope of Ms. Streets' Civ.R. 4(E) motion to dismiss by dismissing the action *with* prejudice, in essence barring the Trucklys from refiling their complaint. In its analysis, the trial court considered Civ.R. 3(A) and made a determination the action was never commenced, *and* because the two-year statute of limitations had passed, the action

5

should be dismissed with prejudice. Whether the two-year statute of limitations period had expired, however, was not an issue before the trial court. There is nothing in the record that would allow consideration as to the applicability of any tolling provisions, such as those found in R.C. 2305.15. Under the facts presented, we find the trial court erred. Although a dismissal of the Trucklys' complaint was proper, it should have been without prejudice.

{¶15} Finding that a dismissal without prejudice was warranted, we next address the Trucklys' argument that Ohio's savings statute, R.C. 2305.19, is applicable in this case. If the Trucklys filed their initial complaint and demanded service prior to the expiration of the two-year statute of limitations, and if the statute of limitations has expired, the Trucklys argue they have one-year from the date of the dismissal without prejudice to refile their complaint.

{¶16} R.C. 2305.19(A) states, with emphasis added:

> In any action that is *commenced or attempted to be commenced*, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶17} The savings statute allows a plaintiff to refile a complaint beyond the applicable statute of limitations under certain circumstances. For example, if a dismissal is without prejudice, i.e., otherwise than upon the merits, a plaintiff may utilize the savings statute to refile the complaint; but if a dismissal is with prejudice, i.e., on the merits, a plaintiff is unable to utilize the savings statute. We find, however, the applicability of the savings statute and/or the expiration of the statute of limitations are

6

issues that are not ripe for review. These issues are to be resolved if, and when, the Trucklys refile suit.

{¶18} We next address the Trucklys' argument that the additional instructions for service, made to the clerk more than one year after filing the complaint, should have the effect as a refiling of the original complaint. To support this argument, the Trucklys rely on the Ohio Supreme Court's case of *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549 (1991). This court, however, has determined that *Goolsby* is applicable only under very limited circumstances. *Gibson v. Summers*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995, ¶41.

{¶19} The plaintiff in *Goolsby* was involved in an automobile accident on July 19, 1985. Although she filed her complaint seven months after the accident, she refrained from giving service instructions until two days prior to expiration of the statute of limitations. Service was perfected after the statute of limitations period. The plaintiff voluntarily dismissed the action, pursuant to Civ.R. 41(A)(2), on October 11, 1988. She later refiled her action. She asserted this refiling was permitted by the savings statute. The Tenth District Court of Appeals held that because the plaintiff never "commenced" her action under Civ.R. 3(A), as she failed to obtain service within one year of filing her complaint, she could not refile the complaint under the savings statute. *Goolsby v. Anderson Concrete Corp.*, 10th Dist. Franklin No. 89AP-1473, 1990 Ohio App. LEXIS 1661 (Apr. 26, 1990).

{¶20} The Ohio Supreme Court reversed. The *Goolsby* Court reasoned that a "purely technical application of Civ.R. 3(A) would result in a finding that Goolsby had not commenced her action, despite the fact that the first complaint was filed and a demand

for service was made within the limitations period prescribed by statute." *Goolsby*, 61 Ohio St.3d at 550. The Court further reasoned that the plaintiff could have dismissed her complaint and filed it again when service instructions were given to the clerk, thus commencing the action within Civ.R. 3(A). "We believe that *under these circumstances* the Civil Rules should not require a plaintiff to refile a complaint identical to one which has previously been, and remains, filed." *Id.* at 551 (emphasis added). The plaintiff's "ability to refile the original complaint within the statutory period and gain an additional year to obtain service under Civ.R. 3(A) is really why the [C]ourt held that a plaintiff in her situation need not go through the formality of dismissing her action and then promptly refile her action." *Gibson*, *supra*, at ¶41.

{¶21} Although *Goolsby* is inapplicable to the instant case to support the Trucklys' argument, *Goolsby* does instruct the trial court to properly apply the Civil Rules. Specifically, the Court notes the trial court should have utilized Civ.R. 4(E), dismissing the plaintiff's complaint without prejudice as service was not attempted. Citing Civ.R. 4(E), the Court observes that in most instances this rule "would be applied when a plaintiff has neglected to again attempt service after original service of process fails." *Goolsby*, 61 Ohio St.3d at 551.

{¶22} As we previously discussed, it was error for the trial court, under the circumstances presented, to dismiss the Trucklys' complaint with prejudice, pursuant to Civ.R. 3(A); rather, the Trucklys' complaint should have been dismissed without prejudice, pursuant to Civ.R. 4(E) as requested by Ms. Streets.

{¶23} The Trucklys' assignments of error have merit to the extent indicated.

**{¶24}** Based on the opinion of this court, the judgment of the Geauga County Court of Common Pleas is hereby modified and affirmed as modified. The matter was properly dismissed, but as modified herein, it is dismissed as of the date of this judgment without prejudice.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

**{¶25}** While I concur with the majority's well-reasoned opinion I write separately to note that, rather than modifying the trial court's judgment, this writer feels that it would be simpler to vacate it and enter a new judgment. The majority correctly notes that the trial court dismissed appellant's complaint, but should have done so *without* prejudice. The order of this court modifies the dismissal from one *with* prejudice to one *without* prejudice.

**{¶26}** This writer feels that it would be more efficacious to vacate the current trial court's judgment and issue a new judgment dismissing appellant's complaint without prejudice, effective the date of issuance.